# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> GUILLERMO CORTEZ-AYALA and <br> GERSON GALICIA-SANTOS, <br><br> Defendants. | No. CR05-4097-MWB <br><br> **ORDER** |

———————————

This matter is before the court on the motion (Doc. No. 22) of the defendant Guillermo Cortez-Ayala ("Cortez") to sever the trial of his case from that of his codefendant Gerson Galicia-Santos ("Galicia"). Cortez argues joinder of the defendants' cases for trial will prejudice him unfairly and prevent him from confronting witnesses against him.

Cortez and Galicia are charged in a two-count Indictment with possession of methamphetamine with intent to distribute, and conspiracy to distribute methamphetamine. Cortez argues Galicia has made statements that incriminate both himself and Cortez, and Cortez expects the plaintiff (the "Government") to introduce those statements at the trial. Cortez argues that unless Galicia testifies, Cortez will be unable to confront Galicia about the statements that incriminate Cortez, and Galicia's testimony cannot be compelled because of his Fifth Amendment right against self-incrimination. Therefore, Cortez argues the defendants' cases must be severed for trial to provide him with an opportunity to conduct meaningful cross-examination of Cortez.

The Government resists severance, noting the Eighth Circuit Court of Appeals recognizes a "'strong presumption against severing properly joined cases.'" (Doc. No. 27 at 2-3, quoting United States v. Noe, 2005 WL 1353938 (8th Cir. June 9, 2005)). The Government claims Cortez cannot show that his defense is irreconcilable with that of his codefendant, or that the jury will be unable to compartmentalize the evidence against the individual defendants, and therefore the trials should not be severed. (Id. at 3, citing United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004)).

The Government further claims any potential Bruton problems can be cured by appropriate redactions from Galicia's statements. (Id. at 4-5, citing Bruton v. United States, 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968); United States v. Coleman, 349 F.3d 1077, 1085 (8th Cir. 2003); United States v. Logan, 210 F.3d 820 (8th Cir. 2000)). The Government notes the existence of mutually antagonistic defenses is not enough to warrant severance. (Id. at 6-7, citing United States v. Zafiro, 506 U.S. 534, 538, 113 S. Ct. 933, 937-38, 122 L. Ed. 2d 317 (1993); United States v. Flores, 362, F.3d 1030, 1039-40 (8th Cir. 2004)).

The court finds Cortez has failed to overcome the presumption against severance. See United States v. Delpit, 94 F.3d 1134 (8th Cir. 1996). Indeed, it is more the rule than the exception that codefendants will attempt to point the finger at one another to avoid conviction. Cortez must be able to show the jury would be "unable to compartmentalize the evidence against each defendant or that the defendants' defenses are irreconcilable" – a heavy burden. United States v. Warfield, 97 F.3d 1014, 1019 (8th Cir. 1996).

Although severance is favored where there is danger of real prejudice to an individual defendant, United States v. Kirk, 534 F.2d 1262, 1269 (8th Cir. 1976),

Cortez must do more than argue his chances of conviction may be higher if the trials are not severed. See United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995).

Therefore, Cortez's motion to sever is **denied**.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT